# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GARMIN WURZBURG GMBH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 3:14-cv-02006-PPS-CAN ) |
| AUTOMOTIVE IMAGINEERING & MANUFACTURING, LLC, EXPRESSO SATELLITE NAVIGATION, INC., EXPRESSO SATELLITE NAVIGATION, LTD., MICHAEL ARONEY, and KELLY ARONEY, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Garmin Wurzburg GmbH's seeks summary judgment on Count I of its five-count amended complaint against defendants Automotive Imagineering & Manufacturing, LLC, Expresso Satellite Navigation, Inc., and Expresso Satellite Navigation, Ltd. In particular, Garmin's motion requests confirmation of an arbitration award and a declaration that it is entitled to its costs incurred enforcing that award. Confirmation is proper, and the defendants do not oppose the request, so Garmin's motion will be granted. Also pending is individual defendant Kelly Aroney's Motion to Dismiss Count III of Garmin's original (unamended) complaint that alleged a civil conspiracy. That motion will be denied as moot because the amended complaint doesn't contain the objectionable count.

## BACKGROUND

Garmin,[1] a German corporation with its principal place of business in that country [DE 1 at 3], entered into a software license agreement with Defendant Automotive Imagineering & Manufacturing, LLC (that's a mouthful, so I'll call it "AIM"), on April 17, 2009. [DE 1-2 at 3, 29-1 at 25.] Garmin agreed to develop software and license it to AIM, and AIM agreed to pay an initial fee, a fee for the software CD, and annual license fees. [*Id.*] The parties agreed to arbitrate legal disputes arising out of the transaction. [DE 29-1 at 57; *see also* DE 1-1.] Specifically, the parties agreed to arbitrate in Chicago through the American Arbitration Association, and to award the prevailing party all costs and fees connected to both the arbitration and enforcement of any arbitration award. [*Id.*] AIM is a Michigan company and its only shareholder and officer is Michael Aroney. [DE 1-2 at 3; DE 29-1 at 5-6.] Expresso Satellite Navigation, Ltd., was formed in Hong Kong in July 2009 by AIM and a company called Sky River, each owning about half, with AIM nominating one director (it chose Michael Aroney) and Sky River nominating two. [DE 1-2 at 4.] (I'll call this company "Expresso HK.") Expresso Satellite Navigation, Inc., was formed in Indiana in August 2010, by sole shareholder Expresso HK, with the same directors as Expresso HK and Michael Aroney as its President. [*Id.*]

Skipping ahead to the relevant point in time, after the defendants failed to pay $749,630 in licensing fees, the parties participated in arbitration proceedings pursuant to

---

[1] When it made the deal, Garmin was called Navigon; it changed its name in January 2012. [DE 29-1 at 26.]

the license agreement. [DE1 at 5, 7; DE 1-2 at 10; DE 29-1 at 24-39.] On July 31, 2014, the arbitrator awarded Garmin a "partial final award" of $1,090,014.61 for which the corporate defendants were jointly and severally liable. [DE 29-1 at 32-33.] This included the $749,630 in unpaid licensing fees and $340,384.61 in interest on that amount. [*Id.*] Garmin was also awarded future interest at 12 percent per year on the unpaid licensing fees until those fees were paid in full. [*Id.*] Finally, the corporate defendants were ordered to pay certain to-be-determined fees and costs of the arbitration pursuant to the licensing agreement. [*Id.* at 33.] A "final award" signed on September 4, 2014, included legal costs of $198,039.38, plus interest, and reimbursement of $32,588 in arbitration fees already paid by Garmin. [*Id.* at 38.]

On November 3, 2014, Garmin filed this case. [DE 1.] The Court permitted extensions on responsive pleadings and motion briefing. Garmin eventually moved for summary judgment on Count I of its complaint, arguing it is entitled to confirmation of the arbitration award and that the corporate defendants are liable for fees and costs in enforcing the award. [DE 1; DE 28; DE 29.] The defendants responded by stating they did not oppose the motion, and noting that enforcement of the arbitration award applies only to the corporate defendants, not the Aroneys individually. [DE 52.] Garmin's reply points out that Count I, the only count for which Garmin seeks summary judgment, is only directed against the corporate defendants. [DE 53.]

Kelly Aroney responded to the original complaint by moving to dismiss Count III, which was titled "Civil Conspiracy (Kelly Aroney)." [DE 22.] Garmin filed an amended

3

complaint that omitted any civil conspiracy claim. [DE 48.]

Before digging into the substantive law I must address an issue concerning the amended complaint. The filing titled "Amended Complaint," DE 48, begins by purporting to "reallege[] and incorporate[] by this reference paragraphs 1-37 of [Garmin's] original Complaint . . . ." It seems obvious that it will be inconvenient throughout the rest of this case for the Court and the parties to have to flip between different portions of different docket entries to obtain a single operative complaint. The docket citations in this Order demonstrate that inconvenience. In case it's not obvious to a party, Local Rule 15-1(b) prohibits the filing of amended complaints in this manner, requiring that amendments to a pleading "must reproduce the entire pleading as amended, unless the court allows otherwise" and "must not incorporate another pleading by reference." The plaintiff did not request or obtain the court's permission to not reproduce the entire pleading, and in fact such permission is not and would not have been granted. For the sake of avoiding delay this Order addresses the two-document complaint as it stands, but the plaintiff is **ORDERED to file a complete amended complaint in a single document within seven (7) days of the entry of this Order.**

On this topic, I also note that the section headers in the answer to the amended complaint are bizarre and confusing until one figures out what is going on. The defendants restate the allegations of the amended complaint and answer each, but threw in labels before the Introduction section and before each Cause of Action – these labels are "First Defense" before the Introduction, "Second Defense" before Count I, "Third Defense"

4

before Count II, and so on. One would typically expect to see numbered defense headers before affirmative defenses. The defendants do assert affirmative defenses, but these are lumped in one big section entitled "Additional and Affirmative Defenses." (DE 51 at 22.) I can only imagine this structuring of the document is the product of the misuse of a pre-formatted document combined with a dearth of proofreading. The rules require a responsive pleading to restate verbatim the paragraphs of the complaint and to respond to each paragraph immediately after restating it. *See* L.R. 10-1(a). The defendants restated the paragraphs, but took out the "Count" headers and added in "Defense" headers. The answer does include the relevant text from the complaint and answers to each paragraph, however, so I won't require the defendants to re-file. I'll simply note that the formatting was initially *very* confusing and will leave it at that.

## **DISCUSSION**

Summary judgment is proper if the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party when ruling on summary judgment. *Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005). Although the defendants have declined to oppose Garmin's motion, I still need to made sure that summary judgment is proper, although by failing to present information the defendants did, in effect, "admit[] to many material facts as the [moving party] presented them." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994); *see also, D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006) (court must

5

independently review propriety of summary judgment granting confirmation of arbitration award even where non-moving party failed to respond).

Chapter Two of the Federal Arbitration Act ("FAA") concerns agreements not exclusively between United States citizens, and generally applies the provisions of an international agreement titled the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). 9 U.S.C. §§ 201 *et seq*. Federal district courts have subject matter jurisdiction over Chapter Two actions, *id.* at § 203, and venue is proper if located where a suit with respect to the controversy may ordinarily be brought. *Id.* at § 204; *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (holding venue for confirmation is not restricted to district where arbitration award was made); *Int'l Ins. Co. v. Caja Nacional De Ahorro Y Seguro*, 293 F.3d 392, 396 (7th Cir. 2002) (finding federal question jurisdiction under 28 U.S.C. § 1331 in suit to confirm arbitration award based on the Panama Convention, which incorporated the jurisdiction provision stated in 9 U.S.C. § 203, because the Convention was codified into U.S. law, and the case therefore arose under U.S. law as required for jurisdiction under § 1331). Venue is proper in the Northern District of Indiana: Expresso Satellite Navigation, Inc., was formed in Indiana in August 2010, the complaint alleges (and the Answer admits) that a substantial part of the events leading to this case occurred in this district, and the answer to the amended complaint admits that venue is proper in this district. [DE 1 at 2; DE 18 at 2-3; DE 51 at 3.]

Chapter Two of the FAA applies in this case. The parties to the license agreement here are companies formed in Germany, China, and the United States, each of which has

6

consented to be bound by the Convention. *See "New York Convention Countries," available at* http://www.newyorkconvention.org/contracting-states (last visited July 23, 2015).

Applying the relevant laws to the contract and facts in this case, confirmation of the arbitration award is proper, and Garmin will be granted summary judgment on Count I. Count I seeks $749,630 in past-due license fees plus interest on the past-due license fees at the rate of 12 percent per annum, plus costs and fees of the arbitration as described in the arbitration award, plus the costs and fees of this case to enforce the arbitration award. [DE 1 at ¶¶ 20-25.] Confirmation of an arbitration award does not involve a detailed reexamination of facts; it is a summary proceeding meant to determine only whether the statutory conditions for confirmation or refusal are present. *See, e.g.*, *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007); *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011). This is because confirmation simply makes a final arbitration award an enforceable judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Furthermore, there is a strong public policy of judicial efficiency that favors confirmation of international arbitration awards. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). The Seventh Circuit has confirmed that there is a presumption for enforcement, unless one of the grounds for non-enforcement specified in the Convention is demonstrated:

> The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the New York Convention and incorporated into American law at 9 U.S.C. sec. 201 et seq., governs judicial confirmation of arbitration decisions like this that arise out of agreements between a U.S. citizen [] and a citizen of a foreign nation

such as France that signed the convention []. "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. sec. 207.

*Publicis Commun. v. True North Communs. Inc.*, 206 F.3d 725, 728 (7th Cir. 2000).

Article V states that a court may refuse confirmation of an award "only if [the party seeking refusal] furnishes to the competent authority where the recognition and enforcement is sought" proof of one of seven enumerated reasons for refusing to recognize an award. United Nations Conference on International Commercial Arbitration, Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Art. V, June 10, 1958, *available at* http://www.newyorkconvention.org/texts.[2]

Under Chapter Two of the FAA, a party has three years to seek a district court's confirmation of an arbitral award. 9 U.S.C. § 207; *see also Employers Ins. v. Banco de Seguros del Estado*, 199 F.3d 937, 942 (7th Cir. 1999). On the other hand, a party seeking to vacate,

---

[2] Garmin argues that confirmation is mandatory because the defendants have not identified and cannot identify any ground for refusal under Article V. [DE 29 at 7.] Article V(2), providing for refusal where a matter is incapable of settlement by arbitration or where confirming an award would be contrary to public policy, does not reiterate the Article V(1) requirement that a defendant must raise a ground for refusal for a court to consider it. Nonetheless, that requirement has been interpreted to apply to Article V(2). *See Telenor Mobile Comm'c'ns v. Storm, L.L.C.*, 584 F.3d 396, 405 (2d Cir. 2009) (citing *Encyclopaedia Universalis*, 403 F.3d at 90 ("The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies.")); *see also* 3 Fed. Proc., L. Ed. § 4:145 (2015) (stating grounds for refusal of foreign arbitral award will not be considered when motion to confirm award is unopposed).

modify, or correct an award must do so within three months of the award, 9 U.S.C. § 12,[3] and forfeits the right to oppose confirmation if it fails to do so. *See, e.g.*, *Lander Co. v. MMP Invs., Inc.*, 107 F.3d 476, 478 (7th Cir. 1997).

Garmin has properly sought confirmation within the three-year window. The defendants have not contested the arbitrator's decision (within three months or otherwise). The defendants raise no grounds now for refusal to grant the motion seeking confirmation of the arbitration award. Because there are no issues of material fact in this regard, **Garmin is entitled as a matter of law to confirmation of the arbitration award.**

Garmin also seeks an award to cover the costs and fees spent in pursuing this case to enforce the arbitration award, which naturally wasn't addressed in the arbitration award – at that point the arbitrator could reasonably assume that the parties would abide by the arbitration decision, and no federal suit for enforcement would be necessary. The Federal Arbitration Act contains no requirement that a prevailing party be awarded costs incurred in confirming or enforcing an arbitration award. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (superseded in part on another issue by a change to Fed. R. Civ. P. 4, as noted in *Marcello v. Maine*, 238 F.R.D. 113, 117 (D. Me. 2006)). But parties can contract around the prevailing "American Rule" that each party in federal litigation pays their own

---

[3] Chapter One concerns arbitration agreements among United States citizens and applies to Chapter Two where not in contradiction to Chapter Two or the Convention. 9 U.S.C. § 208. Under Section 208 of Chapter Two, Chapter One's three-month limitation, 9 U.S.C. § 12, to move to vacate, modify, or correct an award also applies to Chapter Two, and therefore would apply to an attempt in this case to overturn the arbitration decision. *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

9

costs. *Esposito v. Piatrowski*, 223 F.3d 497, 500 (7th Cir. 2000) ("Federal courts adhere to the 'American Rule,' which recognizes that attorneys' fees are not generally a recoverable cost of litigation (unless specifically ordered by the court or provided by contract)." (citation omitted.)).

The controlling agreement in this case is the "Agreement to Arbitrate - Addendum to Non-Exclusive Software License Agreement, April 17, 2009." [DE 1-1 at 2.] It states in relevant part that "[t]he prevailing party in any [proceeding for a court's entry of judgment upon an arbitration award] **shall be entitled to all costs, including but not limited to all attorney's fees**, in collection [*sic*] with the arbitration and **enforcement of the arbitrator's award.**" [*Id.* at ¶ 1 (**emphasis** added).] The same language also appears in the software license agreement itself at section 12.10. [DE 29-1 at 57.] The parties contracted to allow the party enforcing the arbitration decision in court to recover the costs of that enforcement, and the defendants haven't challenged the plain reading of the contracts attached to Garmin's filings. Therefore the contract's plain meaning governs here, and Garmin is entitled to all costs of enforcement, including attorney's fees. Garmin has stated that it will wait until the conclusion of the matter to submit the specific cost amount for the Court's review. [DE 29 at 8.]

The final pending issue is Kelly Aroney's 12(b)(6) motion to dismiss Count III of Garmin's original complaint. It seeks the dismissal of a claim that doesn't appear in the current complaint filed February 23, 2015. [DE 48.] The amended Count III does not merely re-label the original Count III, but purports to plead fraud, not civil conspiracy, so Aroney's

10

attacks on the civil conspiracy claim are irrelevant to the current complaint. Kelly Aroney's motion is therefore moot, and is **DENIED**. [DE 22.]

## CONCLUSION

For the foregoing reasons, Garmin's motion for summary judgment is **GRANTED**, and I confirm Garmin's arbitration award. [DE 28.] Automotive Imagineering & Manufacturing, LLC, Expresso Satellite Navigation, Inc., and Expresso Satellite Navigation, Limited, are jointly and severally liable to Garmin for unpaid licensing fees, interest, and costs and fees of arbitration as described in the final arbitration award. The company defendants are also liable to Garmin for its costs and fees incurred in pursuing this case to enforce the arbitration award.

Kelly Aroney's motion to dismiss Count III of Garmin's original complaint is **DENIED AS MOOT**. [DE 22.]

Additionally, the plaintiff is hereby **ORDERED to file a complete amended complaint in a single document within seven (7) days of the entry of this Order** to bring the amended complaint into compliance with Local Rule 15-1(b).

**SO ORDERED.**

Entered: July 23, 2015

/s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT